# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

| | | |
|---|---|---|
| **DERRICK BROWN,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **No. 06-cr-20180-STA-jay** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent.** | ) | |

## ORDER DENYING MOTION FOR RECONSIDERATION

Before the Court is Derrick Brown's Brief in Support of Compassionate Release under 18 U.S.C. § 3582(c)(1)(A)(i), the First Step Act's compassionate release provision in light of the ongoing COVID-19 pandemic. (ECF No. 234) Because Mr. Brown has not shown that he is entitled to relief, the motion is **DENIED**.

The First Step Act authorizes courts to modify a term of imprisonment for "extraordinary and compelling reasons" that "warrant such a deduction." 18 U.S.C. § 3582(c)(1)(A)(i); *see also United States v. Conley*, No. 18-5582, 2019 WL 2403230, at *2 (6th Cir. Jan. 9, 2019) (describing the First Step Act's compassionate release provision as an exception to the general rule that "a district court may not reduce a defendant's sentence after imposing it") (citing *United States v. Doe*, 731 F.3d 518, 522 (6th Cir. 2013)). Courts are permitted to act only on motion of (1) the Bureau of Prisons or (2) the defendant himself after the defendant has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). The Court finds that

Defendant has exhausted his administrative remedies and, thus, will decide this motion on the merits.

Section 3582(c)(1)(A) gives the sentencing court discretion to "reduce the term of imprisonment" and replace "the unserved portion of the original term of imprisonment" with a term of supervised release. *Id.* The Court must first find that "extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." § 3582(c)(1)(A)(i); *see also United States v. Kincaid*, 802 F. App'x 187 (6th Cir. 2020).[1]   Under the Sentencing Commission's policy statement, U.S.S.G. § 1B1.13, the following circumstances constitute "extraordinary and compelling reasons" for relief: (1) the inmate's medical condition; (2) the inmate's age and the amount of his sentence served; (3) the needs of the inmate's spouse or minor children; and (4) other reasons "[a]s determined by the Director of the Bureau of Prisons." U.S.S.G. § 1B1.13 cmt. n.1. Courts have interpreted the "[a]s determined by the Director of the Bureau of Prisons" language to "include any 'other reasons' defined by the Bureau of Prison's Program Statement 5050.[50](4) ('BOP Statement')" on compassionate release. *United States v. McDonald*, No. 94-CR-20256-1, 2020 WL 3166741, at *2 (W.D. Tenn. June 8, 2020).

In the instant Motion, Mr. Brown argues that he is entitled to relief under the fourth prong of the Sentencing Commission's policy statement. The "other reasons" that Mr. Brown cites to are 1) the COVID-19 pandemic; 2) "Attorney General William Barr's directives to the F.B.O.P.

---

[1] The statute also permits relief in cases when "the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g)." § 3582(c)(1)(A)(ii). This paragraph is not relevant in Defendant's case.

director Michael Carvajal dealing with the COVID-19 pandemic under the Cares Act to warrant compassionate release."; 3) his medical and mental health diagnosis; and 4) his "unusually long" sentence which he claims is illegal and unconstitutional.

The Court finds that Mr. Brown does not meet the requirements for compassionate release because he has not demonstrated extraordinary and compelling reasons for a sentence reduction. Mr. Brown cannot meet any of the criteria under the Sentencing Commission's policy statement at U.S.S.G. § 1B1.13. First, Mr. Brown has not shown that his medical conditions qualify him for relief. Indeed, Mr. Brown has not specified the medical conditions that he suffers from, only making oblique mention of "medical and mental health diagnoses." Mr. Brown does not allege that he suffers from a "terminal illness," defined as "a serious and advanced illness with an end of life trajectory." U.S.S.G. § 1B1.13 cmt. n.1(A)(i). And, Mr. Brown has not shown that his capacity to provide self-care in a correctional facility has been substantially diminished by his suffering from "a serious physical or medical condition," "a serious functional or cognitive impairment," or "deteriorating physical or mental health because of the aging process." U.S.S.G. § 1B1.13 cmt. n.1(A)(ii). The Court finds that Mr. Brown has not shown that his health status is an "extraordinary and compelling" reason for compassionate release, because he has not shown that his capacity to provide self-care in a correctional facility has been substantially limited.

Likewise, Mr. Brown's age does not qualify as grounds for compassionate release. A defendant may request a sentence reduction based on his age when the defendant is at least sixty-five years old, "is experiencing a serious deterioration in physical or mental health because of the aging process," and has served at least ten years or seventy-five percent of his term of imprisonment whichever is less. U.S.S.G. § 1B1.13 cmt. n.1(B). Mr. Brown is currently forty-six years old. Mr. Brown cannot meet the requirements for age-based compassionate release for this

reason alone.  Nor has Mr. Brown demonstrated that his health is seriously deteriorating or that he has served the lesser of 10 years or 75 percent of his sentence.  The Court sentenced Mr. Brown to a term of incarceration 387 months.  *See* Judgment, March 7, 2008 (ECF No. 122.).  Mr. Brown's projected release date is January 6, 2035. Thus, Mr. Brown cannot show that he meets any of the requirements for relief based on his age.

Mr. Brown has not argued that his family circumstances warrant a sentence reduction.  The policy statement defines "the death or incapacitation of the caregiver of the defendant's minor child or minor children" or "the incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner" as family needs that could justify compassionate release.  U.S.S.G. § 1B1.13 cmt. n.1(C).  Mr. Brown has not alleged that any minor child(ren) or spouse is in need of his care.  Thus, Mr. Brown's family situation does not rise to the level of an "extraordinary and compelling" reason for sentence reduction.

The Court lastly finds that Mr. Brown has not cited any other reason that might qualify as "extraordinary and compelling" grounds for compassionate release and a reduced sentence.  Mr. Brown indicates that he has concerns about COVID-19 spreading to his facility.  The Court is mindful of the unprecedented magnitude of the COVID-19 pandemic and the extremely serious health risks it presents.  While the Court takes Mr. Brown's concerns very seriously, the impact of COVID-19 on Mr. Brown's conditions of confinement remains speculative at this point.  Further, Mr. Brown's allegations that his sentence is illegal or unconstitutional are frivolous.  This Court has previously addressed Mr. Brown's request for resentencing under the First Step Act.  *See Order Denying Defendant's Motion for Reduced Sentence Pursuant to the First Step Act of 2018*, March 2, 2020 (ECF No. 222).  At that time, the Court reviewed Mr. Brown's sentence, noting that, based

on his prior drug crimes, the determination that he was an Armed Career Criminal, and his criminal history category of VI, a Guidelines range of 262 to 327 months, the range relied upon at sentencing, was appropriate. Defendant further appealed his sentence and conviction and the United States Court of Appeals for the Sixth Circuit affirmed the Court's judgment. *United States v. Brown*, Nos. 08–5319/5402/5515 (6th Cir. June 19, 2009).

Alternatively, Mr. Brown's request for a sentence reduction is denied because he has failed to demonstrate that he is not a danger to the safety of the community or otherwise merits release under the § 3553(a) factors. Under the applicable policy statement, the Court must deny a sentence reduction unless it determines the defendant "is not a danger to the safety of any other person or to the community." USSG § 1B1.13(2). Additionally, this Court must consider the § 3553(a) factors, as "applicable," as part of its analysis. See § 3582(c)(1)(A); *United States v. Chambliss*, 948 F.3d 691, 694 (5th Cir. 2020). Here, the § 3553(a) factors disfavor a sentence reduction.

Although Mr. Brown characterizes himself as a "first-time and non-violent federal offender of four simple possession counts," both the facts underlying the instant crimes for which he was convicted, and Mr. Brown's criminal history suggests otherwise. The instant offense involved Mr. Brown robbing an off-duty police officer's car and using the officer's bullet proof vest and latex gloves stored in the car to rob another person at gunpoint. The Court cannot determine that Mr. Brown will not present a danger to the safety of the community upon release. Additionally, Mr. Brown has over twenty-six convictions, several of which involve assault, sexual battery, attempted rape, and gun crimes. Further, Mr. Brown's record reveals that he has been unsuccessful in meeting the conditions of probation in the past, indicating that he will have difficulty in adhering to the Court's conditions of early release in this instance.

To release Mr. Brown after having served less than half of his sentence would minimize the offense and Mr. Brown's criminal history, as well as fail to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, or protect the public from further criminal conduct.

Mr. Brown cannot meet the criteria for compassionate release; therefore, his motion must be **DENIED.**

**IT IS SO ORDERED.**

**s/ S. Thomas Anderson**
S. THOMAS ANDERSON
CHIEF UNITED STATES DISTRICT JUDGE

Date:  November 9, 2020.