IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| **DERRICK BROWN,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 06-cr-20180-STA |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Respondent. ) | |

**ORDER DENYING INEFFECTIVE ASSISTANCE OF COUNSEL COMPLAINT**

Before the Court is Derrick Brown's Ineffective Assistance of Counsel Complaint (ECF No. 237) filed on November 5, 2020. Mr. Brown generally alleges that his Sixth Amendment right to effective assistance of counsel was violated by the Court's appointment of Federal Public Defender Tyrone J. Paylor. For the following reasons, the Court is constrained to **DENY** Mr. Brown's Ineffective Assistance of Counsel Complaint.

**BACKGROUND**

On May 22, 2006, a federal grand jury sitting in the Western District of Tennessee returned an indictment against Mr. Brown, charging him with one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g); one count of being a felon in possession of body armor in violation of 18 U.S.C. § 931(a); one count of possessing with the intent to distribute cocaine base in violation of 21 U.S.C. §841(a)(1); and one count of possessing with the intent to distribute marijuana in violation of 21 U.S.C. § 841(a)(1). Following a jury trial, Defendant was found guilty

1

on all charges on August 8, 2007. On March 7, 2008, the Court entered its judgment, sentencing Defendant to a total term of incarceration of 387 months: 327 months and six years supervised release as to counts 1, 3, and 4, and 60 months incarceration and three years' supervised release as to count 2, to run consecutive to the sentence on the other counts.  Defendant appealed, and the United States Court of Appeals for the Sixth Circuit affirmed the Court's judgment. United States v. Brown, Nos. 08–5319/5402/5515 (6th Cir. June 19, 2009).

Mr. Brown has filed dozens of motions attacking his sentence in the instant case.[1] For several of those attacks, Mr. Brown has benefited from the assistance of appointed counsel.  Most recently, Mr. Tyrone J. Paylor, Assistant Federal Defender, was appointed to represent Mr. Brown. Mr. Paylor was appointed pursuant to this Court's Administrative Order No. 19-07, which authorizes, but does not mandate, the Office of the Federal Public Defender for the Western District of Tennessee to represent criminal defendants that are eligible to apply for a sentence reduction pursuant to the First Step Act of 2018.  The Order provides that "[i]n the event of any conflicts of interest concerning the Federal Public Defender's Office, applicable defendants will be represented by counsel appointed from the Court's CJA panel." On February 21, 2019, a "First Step Act Inquiry and Complaint" was docketed on behalf of Mr. Brown.  Mr. Paylor entered his appearance on May 24, 2019.  Mr. Brown subsequently filed a number of *pro se* motions relating to his First Step Act claim.[2]  These were in addition to the several filings made by Mr. Paylor on

---

[1] In an order dated March 13, 2009, the Sixth Circuit noted that Defendant had filed twenty-five separate appeals attacking his conviction. (ECF No. 170).
[2] *See* Motion to Modify and/or Reduce Sentence Pursuant to the First Step Ac of 2018 and 18 U.S.C. § 3582(c)(1)(B) (ECF No. 212); Emergency Motion to Compel the Production of Defendant's Shepard Documents (State Court Records) to Defendant (ECF No. 214).

Mr. Brown's behalf.  Mr. Brown did not raise the issue of a conflict with Mr. Paylor throughout the pendency of Mr. Paylor's representation.

## STANDARD OF REVIEW

Defendant argues that Mr. Paylor's representation of him was 1) a conflict of interest given his past complaints against the Office of the Federal Public Defender; 2) that Mr. Paylor's "failure to investigate" Mr. Brown's case amounted to ineffective assistance; 3) that Mr. Paylor was ineffective because he failed to raise arguments regarding the misapplication of enhancements to Mr. Brown's sentence; and 4) that Mr. Paylor's failure to consult with Mr. Brown with regard to his appeal and to file an appeal on his behalf violated his Sixth Amendment right to effective assistance of counsel.

A claim that ineffective assistance of counsel has deprived a defendant of his Sixth Amendment right to counsel is controlled by the standards delineated in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984).  To demonstrate deficient performance by counsel, a petitioner must demonstrate (1) that "counsel's representation fell below an objective standard of reasonableness" and (2) that the deficient performance prejudiced the defense, which requires a showing that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  *Id*. at 688, 104 S. Ct. at 2064.  "A court considering a claim of ineffective assistance must apply a 'strong presumption' that counsel's representation was within the 'wide range' of reasonable professional assistance.  *Strickland*, 466 U.S. at 689, 104 S. Ct. 2052.  The challenger's burden is to show 'that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.  *Id*. at 687.  To demonstrate prejudice, a prisoner must establish "a reasonable

probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. "It is not enough 'to show that the errors had some conceivable effect on the outcome of the proceeding.'" *Strickland*, 466 U.S. at 693, 104 S. Ct. 2052. "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant." *Id*. at 697. If a reviewing court finds a lack of prejudice, it need not reach the question of whether counsel's performance was deficient. *Id.*

## ANALYSIS

A. <u>Conflict of Interest</u>

Mr. Brown asserts that Mr. Paylor's representation of him was a conflict of interest because of the complaints Mr. Brown allegedly filed against his first trial counsel, Mr. Edwin Perry, another Assistant Federal Defender, in 2006. In support of his theory, Mr. Brown first cites the Office of the Federal Public Defender's purported failure to contact him to offer representation pursuant to the First Step Act of 2018, prompting Mr. Brown to write letters to the Office to ask for assistance. Additionally, Mr. Brown asserts that he was prejudiced by Mr. Paylor's refusal to raise certain legal arguments which Mr. Brown believes would have "guaranteed" him a favorable outcome.

"[P]rejudice is presumed when counsel is burdened by an actual conflict of interest." *Strickland,* 466 U.S. at 692, 104 S.Ct. 2052. Prejudice is presumed, however, "only if the defendant demonstrates that counsel 'actively represented conflicting interests' and that 'an actual conflict of interest adversely affected his lawyer's performance.'" *Id.* (quoting *Cuyler v. Sullivan,* 446 U.S. 335, 350, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980)). An actual conflict will not be found unless a defendant can identify "specific instances in

4

the record to suggest an actual conflict or impairment of [his] interests." *United States v. Hall,* 200 F.3d 962, 965–66 (6th Cir.2000) (citation omitted). In order to establish an actual conflict of interest, a defendant must show that counsel "made a choice between possible alternative courses of action, such as eliciting (or failing to elicit) evidence helpful to one client but harmful to the other." *McFarland v. Yukins,* 356 F.3d 688, 705 (6th Cir.2004) (citation omitted); *Neeley v. Haney*, 467 F. App'x 449, 451 (6th Cir. 2012).

Mr. Brown fails to articulate specific instances in the record suggestive of actual conflicts of interest with his attorney – his allegations are merely hypothetical. *See Thomas v. Foltz*, 818 F.2d 476, 481 (6th Cir. 1987). First, the Court rejects Mr. Brown's argument that a complaint filed against the Assistant Federal Defender who represented him at trial in 2006 presents a conflict with the entire Office of the Federal Defender, in perpetuity. Mr. Brown's complaint against Mr. Edwin Perry was personal to him, not the Office. According to the Motion to Withdraw Counsel filed by Mr. Perry, the relationship between counsel and Mr. Brown deteriorated upon Mr. Perry's refusal to file motions to dismiss the indictment that lacked a legal basis. (ECF No. 25). Mr. Brown subsequently filed two *pro se* motions to dismiss the indictment which were summarily denied. Notwithstanding the Court's rejection of his theories, Mr. Brown refused to reconcile with Mr. Perry and the Court allowed counsel to withdraw, appointing a lawyer from the CJA Panel. In the instant case, Mr. Brown's assertions are belied by the fact that he sought the assistance of the Office of the Federal Defender through his letters to them and presents no evidence beyond conspiracy that the Office has harbored discriminatory bias against him for over ten years. Further, Mr. Brown did not seek to have substitute counsel from the CJA Panel appointed, despite having successfully done so twice in the past, nor did he raise potential conflict of interest as an issue while the First Step Act litigation was developing. Nor does the Court credit Mr. Brown's

arguments that his counsel's unwillingness to raise certain legal issues fall outside the wide range of reasonable professional assistance. In fact, upon review, the Court finds that all of Mr. Brown's arguments either are untimely or lack a legal basis or have already been raised and rejected by this Court and on appeal.

    B.  "Failure to Investigate" and Failure to Raise Arguments

Mr. Brown argues that Mr. Paylor's assistance was ineffective given his "failure to investigate" arguments, which in Mr. Brown's estimation were "dead-bang winners," and his corresponding failure to raise those arguments. Such arguments include objections to sentencing enhancements, failure of counsel to object to the application of the Sentencing Guidelines, and failure to raise the claim that Mr. Brown's sentence exceeded the statutory maximums of the offenses he was convicted of. As noted above, Mr. Brown has previously made such arguments, and they have been rejected by this Court and on appeal. Furthermore, they are outside of the scope of Mr. Paylor's representation of Mr. Brown's First Step Act of 2018 claims. The Office of the Federal Defender was appointed pursuant to Administrative Order to determine whether Mr. Brown was eligible for a sentence reduction pursuant to the First Step Act of 2018. Mr. Brown, however, apparently seeks to re-litigate arguments outside the scope of the matters that were before the Court – namely Mr. Brown's Motion for Reduced Sentence Pursuant to the First Step Act of 2018. Therefore, Mr. Paylor's choice to not raise such issues did not fall below an objective standard of reasonableness; it was in fact eminently reasonable. Even assuming *arguendo* that Mr. Paylor's failure to raise such issues fell below an objective standard of reasonableness, Mr. Brown is stopped short by the second prong of *Strickland*, because he was not prejudiced by the purported failure. Although the Court found that Mr. Brown was not legally eligible for relief under the First Step Act, it further stated that, even if he were eligible, the Court would decline to exercise its

discretion to resentence him. Consequently, the result of the proceeding would not have been altered by Mr. Paylor raising Mr. Brown's preferred arguments, meaning that Mr. Brown did not suffer prejudice.

### C. Failure to File Appeal of Order Denying Motion for Reduced Sentence

Mr. Brown lastly asserts that his counsel was ineffective for failure to consult with him about an appeal of the Court's order denying his motion for reduced sentence and failure to file an appeal as instructed by Mr. Brown. However, Mr. Brown was not entitled to the assistance of counsel on his discretionary appeal of the Court's order denying Mr. Brown's post-conviction Motion for Reduced Sentence. The Sixth Amendment guarantees that every criminal defendant will have access to a lawyer to assist with their defense at trial and on direct "first tier" appeal. *See Halbert v. Michigan*, 545 U.S. 605, 610, 125 S.Ct. 2582, 162 L.Ed.2d 552 (2005). The Constitution does not, however, entitle a defendant to the assistance of counsel for a discretionary appeal. *Ross v. Moffitt,* 417 U.S. 600, 617, 94 S.Ct. 2437, 41 L.Ed.2d 341 (1974). The Supreme Court has held that "where there is no constitutional right to counsel there can be no deprivation of effective assistance," *Coleman v. Thompson,* 501 U.S. 722, 752, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991) (citation omitted), so the failure of counsel to file an appeal of an order denying a discretionary motion cannot amount to constitutionally ineffective assistance. *See Nichols v. United States*, 563 F.3d 240, 248 (6th Cir. 2009). Mr. Brown's motion for a reduced sentence was a discretionary motion and, likewise, the Court's appointment of Mr. Paylor to represent Mr. Brown, and the Office of the Federal Defender's decision to represent Mr. Brown, was discretionary. Therefore, lacking a constitutional right to counsel, Mr. Brown was not deprived of his Sixth Amendment right to effective assistance.

## CONCLUSION

The Court finds that Mr. Brown's Sixth Amendment right to effective assistance of counsel was not violated by the Court's appointment of the Office of the Federal Defender to represent him in his discretionary motion for reduction of sentence or by the substance of the representation. Therefore, Mr. Brown's Ineffective Assistance of Counsel Complaint is **DENIED**.

**IT IS SO ORDERED**.

**s/ S. Thomas Anderson**
S. THOMAS ANDERSON
CHIEF UNITED STATES DISTRICT JUDGE

Date:  December 11, 2020.