IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   No. 06-cr-20180-STA-tmp |
| | ) |
| DERRICK LAKEITH BROWN, | ) |
| | ) |
|     Defendant. | ) |

---

## REPORT AND RECOMMENDATION

---

Before the court is *pro se* defendant Derrick Brown's Motion for Leave File Motion to Reduce Sentence, Motion for Leave to File Motion for Reconsideration, and "Motion for Leave to File Motion to Hold in (and/or to Hold in Part) in Abeyance Defendant's Motion for Compassionate Release Decision."[1] (ECF Nos. 307, 325, 342.) For the reasons below, the undersigned recommends that all three motions be denied.

### I.    PROPOSED FINDINGS OF FACT

On June 22, 2022, District Judge S. Thomas Anderson entered an order imposing a pre-filing restriction on Brown in response to his "many motions and letters submitted during his incarceration"

---

[1]On April 25, 2023, District Judge S. Thomas Anderson entered an order enjoining defendant Brown from filing additional motions in this case without first seeking leave from a magistrate judge to file any new motion or action. (ECF No. 293.)

of a "frivolous and redundant nature." (ECF No. 286 at PageID 1.) Brown's history of filings bears mentioning. Until the pre-filing restriction, Brown had submitted thirty-two filings since July 13, 2020. Of these filings, six were Motions for Compassionate Release and Motions to Reconsider Compassionate Release (ECF Nos. 228, 234, 240, 245, 256, 257), twenty were miscellaneous motions (ECF Nos. 230, 232, 236, 237, 241, 242, 244, 248, 249, 251, 252, 253, 258, 262, 268, 277, 278, 280, 281, 282), and six were appeals (ECF Nos. 246, 250, 263, 269, 270, 271). On April 25, 2023, Judge Anderson entered an order modifying his restriction as follows:

> Brown is PERMANENTLY ENJOINED from filing any additional motions in his underlying criminal case without first seeking leave from a magistrate judge to file any new motion or action by certifying under penalty of perjury that the claim(s) asserted are not frivolous, that the claims have never before been raised and disposed of by any federal court, and that the motion is not brought for any improper purpose.

(ECF No. 293 (emphasis in original).) In accordance with this restriction, Brown now files a Motion for Leave to File Motion to Reduce Sentence (ECF No. 307), Motion for Leave to File Motion for Reconsideration (ECF No. 325), and "Motion for Leave to File Motion to Hold in (and/or to Hold in Part) in Abeyance Defendant's Motion for Compassionate Release Decision" (ECF No. 342).

## II.  PROPOSED CONCLUSIONS OF LAW

In his Motion for Leave to File Motion to Reduce Sentence, Brown alleges that his original request for a sentence reduction

to the warden was not answered or responded to in a timely manner, claiming that "in retaliation, it was confiscated, stolen, destroyed and missing" until the November 30, 2023 answer was finally delivered to him on December 6, 2023. (ECF No. 307 at PageID 2003-04.) Brown also maintains that he "[hasn't received any order yet from [the court] concerning if the court received his motion." (Id. at PageID 2004.) The substantive Motion to Reduce Sentence was filed on February 1, 2024. (ECF No. 308.) The court previously noted that "nearly all of Defendant's filings are replete with irrelevant discussions of his imprisonment, generalized allegations of discrimination, and other superfluous musings." (ECF No. 286 at PageID 3.) On September 24, 2025, Judge Anderson entered an order denying this new motion for sentence reduction. (ECF No. 317.) Given that this court has already ruled on the underlying substantive motion, the undersigned recommends that Brown's motion for leave to file this motion be deemed moot.

Brown also asks for leave to file a motion for reconsideration. (ECF No. 325.) In his motion for reconsideration, Brown claims that the court erred when it denied compassionate release solely because of the public defender's assessment that he is not eligible under Amendment 821 when he never applied for 821 relief since he "was never on parole, probation or supervised release." (ECF No. 326 at PageID 2116.) Brown also claims that the court denied a motion for sentence reduction under 18 U.S.C. §

- 3 -

3582(c)(2) grounds even though he filed under 18 U.S.C. § 3582(c)(1)(A). (Id. at PageID 2118.)

Even if the September 24, 2025 order was based on 18 U.S.C. § 3582(c)(2) instead of 18 U.S.C. § 3582(c)(1)(A), this court has previously denied substantively similar motions for compassionate release under 18 U.S.C. § 3582(c)(1)(A), stating that Brown has not demonstrated "extraordinary and compelling reasons" for a sentence reduction and cannot meet the U.S.S.G. § 1B1.13 requirements because, among other reasons, he has failed to demonstrate a medical need, and has served less than half his sentence. (ECF Nos. 238, 254, 255.) Since the heart of this argument has been addressed by previous orders, it is duplicative of an issue already disposed of by this court and does not comply with the restrictions set forth in Judge Anderson's April 25, 2023 order, so the undersigned recommends that the Motion for Leave to File Motion for Reconsideration be denied.

In his "Motion for Leave to File Motion to Hold in (and/or to Hold in Part) in Abeyance Defendant's Motion for Compassionate Release Decision," Brown asserts that there are pending United States Supreme Court decisions that he believes will provide guidance on his Motion for Compassionate Release "at docket entry #308" and thus requests for sentence reduction under U.S.S.G. 1B1.13(b)(6) therein. (ECF No. 343 at PageID 2288-89.) However, Brown fails to acknowledge that the motion he is referring to was

- 4 -

already denied on September 24, 2025. Thus, the undersigned recommends this motion be denied as moot.

### III. RECOMMENDATION

Based on the above reasoning, the undersigned recommends that Brown's Motion for Leave File Motion to Reduce Sentence be deemed moot, and that his Motion for Leave to File Motion for Reconsideration and "Motion for Leave to File Motion to Hold in (and/or to Hold in Part) in Abeyance Defendant's Motion for Compassionate Release Decision" be denied.

Respectfully submitted,

s/Tu M. Pham
TU M. PHAM
Chief United States Magistrate Judge

April 17, 2026
Date

### NOTICE

**WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THIS REPORT AND RECOMMENDED DISPOSITION, ANY PARTY MAY SERVE AND FILE SPECIFIC WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS. ANY PARTY MAY RESPOND TO ANOTHER PARTY'S OBJECTIONS WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY. FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER AND/OR FORFEITURE OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.**